IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTA SCHULTZ and DANNY SCHULTZ, both Individually and as Parents and Guardians of Minor Child C.S., a Student in the Medina Valley Independent School District; C.S., a Minor, Individually, by his Next Friends CHRISTINA SCHULTZ and DANNY SCHULTZ; and TREVOR SCHULTZ Individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>MEDINA VALLEY INDEPENDENT SCHOOL DISTRICT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. SA-11-CA-422-FB |

**AMENDED ORDER ON PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs have filed a Motion for a Temporary Restraining Order and a Preliminary Injunction to enjoin Defendant Medina Valley Independent School District from including a prayer at the June 4, 2011 graduation ceremony of Medina Valley High School. The Court has considered the arguments and papers in support thereof and opposition thereto. The Court finds:

1.  Plaintiffs are likely to succeed on the merits of their claim that the inclusion of prayers at Medina Valley High School graduation ceremonies violates the Establishment Clause of the First Amendment to the U.S. Constitution.

2.  Plaintiffs will suffer irreparable harm if the prayers are not enjoined.

3.  The harm Plaintiffs will suffer if injunctive relief is denied substantially outweighs any harm that the School District will suffer if the injunction is granted.

    4.      The public interest supports issuance of injunctive relief.

This Court is bound to follow case law of the Supreme Court of the United States and the Fifth Circuit Court of Appeals: Lee v. Weisman, 505 U.S. 577, 587, (1992) (granting permanent injunctive relief to prevent inclusion of clergy-led invocations in form of prayer in graduation ceremonies of city public schools); Santa Fe Independent School District v. Doe, 530 U.S. 290, 310-12 (2000) (granting injunctive relief granted to prevent inclusion of student-led prayer invocations before football games of Texas public schools); Meltzer v. Board of Public Instruction, 577 F.2d 311, 314 ( see also ACLU of New Jersey v. Black Horse Pike Regional Board of Education, 84 F.3d 1471, 1488 (3d Cir. 1996) (en banc) (invalidating school policy under which prayers could be given at graduations if approved by student vote); Cole v. Oroville Union High School District, 228 F.3d 1092, 1101-03 (9th Cir. 2000) (allowing student selected by student vote to give invocation at graduation would violate Establishment Clause); Lassonde v. Pleasanton Unified School District, 320 F.3d 979, 983-85 (9th Cir. 2003) (ruling that school could not constitutionally allow student who was selected as graduation speaker based on his academic standing to give proselytizing religious speech at graduation); Does 1-7 v. Round Rock Independent School District, 540 F. Supp. 2d 735, 747-50 (W.D. Tex. 2007) (Sparks, J) (finding Santa Fe overruled earlier Fifth Circuit decision allowing student-led prayers at public school graduations, Jones v. Clear Creek Independent School District, 977 F.2d 963, 969 (5th Cir. 1992)); Deveney v. Board of Education, 231 F. Supp. 2d 483, 485-88 (S.D. W.VA. 2002) (issuing TRO against offering of prayer by student at graduation pursuant to vote of student class officers); Skarin v. Woodbine Community School, 204 F. Supp. 2d 1195, 1198 (S.D. Iowa 2002) (issuing injunction prohibiting school choir from singing Lord's Prayer at graduation ceremony); Appenheimer v. School Board, No. 01-1226, 2001 WL 1885834, at *6-9 (C.D. Ill. May 24, 2001) (issuing TRO against offering of prayer

by student at graduation pursuant to vote of senior class student board).

Accordingly, it is hereby ORDERED that the Medina Valley Independent School District and its officials, agents, servants, and employees, as well as all persons acting in concert with them, are prohibited from allowing a prayer (as defined in paragraph (b) below) to be included in the June 4, 2011 graduation ceremony for Medina Valley High School.  More specifically:

(a)  The District shall remove the terms "invocation" and "benediction" from the program of ceremonies for the graduation exercises.  These terms shall be replaced with "opening remarks" and "closing remarks."

(b)  The District, through its officials, shall instruct the students previously selected to deliver the "invocation" and "benediction" to modify their remarks to be statements of their own beliefs as opposed to leading the audience in prayer.  These students, and all other persons scheduled to speak during the graduation ceremony, shall be instructed not to present a prayer, to wit, they shall be instructed that they may not ask audience members to "stand," "join in prayer," or "bow their heads," they may not end their remarks with "amen" or "in [a deity's name] we pray," and they shall not otherwise deliver a message that would commonly be understood to be a prayer, nor use the word "prayer" unless it is used in the student's expression of the student's personal belief, as opposed to encouraging others who may not believe in the concept of prayer to join in and believe the same concept.  The students may in stating their own personal beliefs speak through conduct such as kneeling to face Mecca, the wearing of a yarmulke or hijab or making the sign of the cross.

(c)  The District, through its officials, shall review, and make any necessary changes to, the

students' revised remarks to ensure that those remarks comply with this Order, and shall instruct the students that they must not deviate from the approved remarks in making their presentations.

Because this suit seeks to enforce fundamental constitutional norms, it is further ORDERED that the security requirement of Federal Rule of Civil Procedure 65(c) is waived, and that this injunctive order shall be effective immediately and shall be enforced by incarceration or other sanctions for contempt of Court if not obeyed by District official and their agents.

It is so ORDERED.

SIGNED this 1st day of June, 2011.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE