IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CHRISTA SCHULTZ and DANNY SCHULTZ, both individually and as parents and guardians of minor child C.S., a student in the Medina Valley Independent School District; C.S., a minor, individually, by his next best friends Christa Schultz and Danny Schultz; and TREVOR SCHULTZ, individually,<br><br>*Plaintiffs*,<br><br>v.<br><br>MEDINA VALLEY INDEPENDENT SCHOOL DISTRICT,<br><br>*Defendant*. | CIVIL ACTION NO. 5:11-CV422 |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Medina Valley Independent School District (hereinafter referred to as "MVISD" or "the District") and files this its Original Answer and Affirmative Defenses. In connection therewith, the District would show the Court as follows:

### I.
### AFFIRMATIVE DEFENSES

1. Defendant specifically denies any liability in this case under any of the theories of recovery articulated by Plaintiffs and further denies that Plaintiffs are entitled to any of the relief requested in their complaint.

2.   Notwithstanding the foregoing, Defendant asserts that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or under any other statute, constitutional theory, or legal authority.

3.   Notwithstanding the foregoing, Defendant further claims that it is entitled to a statute of limitations defense with respect to Plaintiffs' claims asserted against it to which this defense applies.

4.   Notwithstanding the foregoing, Defendant asserts that this Court lacks jurisdiction over this controversy as Plaintiffs lack standing.

5.   Notwithstanding the foregoing, Defendant asserts that they did not deprive Plaintiffs of any constitutionally protected rights.

6.   Notwithstanding the foregoing, Defendant further asserts its right to mitigation of damages and to the extent the Plaintiffs have failed to mitigate their damages, that their damages, if any, should be adjusted accordingly.

7.   Notwithstanding the foregoing, Defendant claims its entitlement to recover attorney's fees and costs of suit pursuant to the Rules of Civil Procedure, Texas Education Code, federal law and judicial interpretation.

8.   Notwithstanding the foregoing, the District asserts the right to raise additional defenses that become apparent throughout the factual development of the case.

## II.
## ORIGINAL ANSWER

Subject to and without waiving the foregoing defenses, the District denies each and every allegation contained in Plaintiffs' Complaint pursuant to FED. R. CIV. P. 8(b), except those

expressly admitted herein. The District responds to the corresponding sections and paragraphs of said Complaint as follows:[1]

**INTRODUCTION**

1. Defendant admits that the quotes Plaintiffs attribute to *Lee v. Weisman,* 505 U.S. 577 (1992) in Paragraph 1 are quoted correctly. Defendant denies the remainder of the allegations in Paragraph 1. Defendant denies Plaintiffs' assertion that *Lee* held prayers in graduation ceremonies are unconstitutional.

2. Regarding Paragraph 2 of Plaintiffs' Complaint, Defendant admits that students have at times in the past delivered an "invocation" and benediction" as part of the graduation ceremony. Defendant denies that an invocation and benediction were an official part of the June 4, 2011 graduation ceremony. Defendant denies that it has disregarded or otherwise been in violation of Supreme Court precedent. Defendant denies the remainder of Paragraph 2.

3. Defendant admits that Plaintiffs sought a temporary restraining order to enjoin Defendant from including prayer at the June 4, 2011 graduation. Defendant admits that Plaintiffs are currently seeking a permanent injunction, but denies that Defendant has "sponsored" or will "sponsor" prayer at school events, as alleged by Plaintiffs. Defendant further denies that it is liable, that any of Plaintiffs' rights were ever violated, or that Plaintiffs are entitled to an injunction or any recovery against Defendant.

**Jurisdiction and Venue**

4. Defendant admits the allegations of Paragraph 4.

---

[1] Defendant will adopt the numbering scheme utilized by Plaintiffs in their Complaint.

5. Defendant admits the allegations of Paragraph 5. However, Defendant denies that Plaintiffs are entitled to any relief.

6. Defendant admits the allegations of Paragraph 6.

**Parties**

7. Defendant denies the allegations in the last sentence of Paragraph 7. Defendant admits the remainder of the allegations in Paragraph 7.

8. Regarding Paragraph 8 of Plaintiffs' Complaint, Defendant admits that Plaintiff C.S. was scheduled to graduate from Medina Valley High School on June 4, 2011. Defendant denies Plaintiffs' allegations that the Defendant had a "longstanding practice of presenting prayers as part of graduation ceremonies." Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations of Paragraph 8.

9. Regarding Paragraph 9, Defendant admits that Plaintiff C.S. was scheduled to graduate this year from Medina Valley High School. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiffs were "offended" or whether C.S. said he may not attend graduation. Defendant denies the remainder of the allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10.

11. Regarding Paragraph 11, Defendant lacks sufficient knowledge or information to admit or deny sentences 1 and 2. Defendant lacks sufficient knowledge or information to admit or deny whether C.S. was "offended," as alleged in sentence 3. Defendant denies the remainder of the allegations in sentence 3 of Paragraph 11. Defendant lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 11.

12. Defendant lacks sufficient knowledge or information to admit or deny sentences 1 and 2 of Paragraph 12 in Plaintiffs' Complaint. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiffs were "offended" as alleged in sentence 4. Defendant denies the remainder of the allegations in Paragraph 12.

13. Defendant lacks sufficient knowledge or information to admit or deny when and whether Plaintiffs attended any graduation ceremony, as alleged in sentences 2 and 3 of Paragraph 13. Defendant denies the remainder of the allegations in Paragraph 13.

14. Regarding Paragraph 14, Defendant admits that the graduation program lists the names of the students speaking at graduation. Defendant admits that it provides the sound system at graduation, selects and makes available the venue for graduation, and determines the order of events at graduation. Defendant denies the remainder of the allegations in Paragraph 14.

15. Defendant admits the allegations in sentence 1 of Paragraph 15. Defendant admits that band students are asked to attend graduation in order to perform with the band at the ceremony. However, Defendant denies that attendance is or was mandatory.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant admits that Plaintiffs complained to Assistant Superintendent Chris Martinez about alleged statements made over the High School's loudspeaker. Defendant admits that Chris Martinez sent an email to Plaintiffs in response to their complaints and that the quoted portions of Mr. Martinez' email in the last sentence of Paragraph 17 are quoted accurately. Defendant denies the remainder of the allegations in Paragraph 17.

18. Defendant admits that Fletcher Turcato recently left his employment at the District. Defendant denies the remainder of the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

**Complaints About the Practice & Americans United**

20. Defendant admits that Assistant Superintendent Chris Martinez met with Christa and Danny Schultz in April 2010 and that the Plaintiffs sent Mr. Martinez a letter after that meeting. Defendant admits that Mr. Martinez sent a letter to Mr. and Mrs. Schultz and admits that the passage from the letter quoted in Paragraph 20 is quoted correctly. Defendant denies that any religious activity took place or occurred at Medina Valley High School.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits that Plaintiffs sent a letter on or about May 25, 2011 to Superintendent Stansberry threatening to file a lawsuit unless the District informed Plaintiffs' counsel, by 9 a.m. (EST) on May 26, 2011 that no prayer would be included in the June 4, 2011 graduation ceremony. Defendant is without sufficient information or knowledge to admit or deny whether Plaintiff sent a letter to every member of the Board of Trustees of Medina Valley Independent School District. Defendant denies the remainder of Paragraph 23.

24. Defendant admits that Plaintiffs' counsel received a letter from Superintendent Stansberry on or about May 26, 2011. Defendant admits that Superintendent Stansberry's letter states that the Defendant will honor "the freedom of expression of the individual speaker." Defendant denies that a letter from Superintendent Stansberry "attempts to justify the prayers." Defendant denies that the letter from Superintendent Stansberry in any way implies that graduation ceremonies include prayer. The letter at issue does not discuss or mention prayer at all. Defendant denies the remainder of the allegations in Paragraph 24.

**Claim for Relief: First Amendment Violation**

25. Defendant herein incorporates its responses to each of Plaintiffs' Paragraphs 1 through 24, as set out above in Paragraphs 1 through 24.

26. Defendant admits the allegation in Paragraph 26.

27. Defendant admits the allegation in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant herein incorporates its responses to each of Plaintiffs' Paragraphs 1 through 30, as set out above in Paragraphs 1 through 30.

32. Regarding Paragraph 32, Defendant admits that a controversy currently exists between the parties and admits that Plaintiffs seek a declaratory judgment. Defendant denies that Plaintiffs are entitled to any of the relief sought and denies that any of Plaintiffs' rights, whether federal or state, constitutional or statutory, were ever violated by Defendant. Defendant denies the remainder of Paragraph 32.

**Temporary Restraining Order, Preliminary Injunction, & Permanent Injunction**

33. Defendant admits that Plaintiffs are seeking a temporary restraining order, preliminary injunction, and permanent injunction as stated in Paragraph 33, but denies that they are entitled to any relief whatsoever. Defendant denies the remainder of the allegations in Paragraph 33.

**Nominal Damages**

34. Defendant admits that Plaintiffs are seeking nominal damages as stated in Paragraph 34, but Defendant denies that Plaintiffs are entitled to any relief whatsoever. Defendant further denies that any of Plaintiffs' rights, whether federal or state, constitutional or

statutory, were ever violated by Defendant. Defendant denies the remainder of the allegations in Paragraph 34.

**Attorneys' Fees and Costs**

35. Defendant admits that Plaintiffs are seeking attorney fees but denies that Plaintiffs are entitled to the relief requested. Defendant denies that 28 U.S.C. §2412 is even applicable in any way to this case. Defendant denies the remainder of the allegations in Paragraph 35.

**Other Relief**

36. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, the Defendant prays for the granting of all such other and further relief, general and specific, at law or in equity, to which it shows itself entitled.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  GALLEGOS & GREEN, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
Tel No.  210-979-6633
Fax No. 210-979-7024

By: /s/ D. Craig Wood
D. CRAIG WOOD
ATTORNEY IN CHARGE
State Bar No. 21888700
Admission No. 979301
cwood@sa.wabsa.com
STACY TUER CASTILLO
State Bar No. 00796322
scastillo@sa.wabsa.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of June 2011, a true and correct copy of the above and foregoing Defendant's Original Answer and Affirmative Defenses, was electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Mr. Donald H. Flanary, III  
Goldstein, Goldstein & Hilley  
310 So. St. Mary's Street, Ste. 2900  
San Antonio, TX  78205

                                                 /s/ D. Craig Wood  
                                                 D. CRAIG WOOD