IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTA SCHULTZ and DANNY SCHULTZ, both Individually and as Parents and Guardians of Minor Child C.S., a Student in the Medina Valley Independent School District; C.S., a Minor, Individually, by his Next Friends CHRISTINA SCHULTZ and DANNY SCHULTZ; and TREVOR SCHULTZ Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> MEDINA VALLEY INDEPENDENT SCHOOL DISTRICT, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

FILED
JUL 11 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

CIVIL ACTION NO. SA-11-CA-422-FB

## ADVISORY AND ORDER CONCERNING PROCEDURES
## TO REACH RESOLUTION OF THE MERITS OF THIS CASE

The judicial branch of government is the designated umpire in the American rule of law system. While it will not please everyone in a particular dispute, and at times will please no one, the alternative is anarchy.

As the Court reviews the parties' proposed scheduling recommendations, they may want to consider and compare other public policy cases from this Court which achieved final resolution of the controversies, but did so using different procedures.

J. P. Flores v. City of Boerne was a case addressing the constitutionality of the Religious Freedom Restoration Act ("RFRA"). 877 F. Supp. 355 (W.D. Tex. 1995).

In the trial court, the Honorable Lucius D. Bunton, III entered judgment for the city, determining that Congress had exceeded the scope of its enforcement power under § 5 of the Fourteenth Amendment in enacting the RFRA. The Fifth Circuit Court of Appeals reversed, finding the RFRA to be constitutional. Flores v. City of Boerne, 73 F.3d 1352 (5th Cir. 1996). The United States Supreme Court reversed the court of appeals and affirmed Chief Judge Bunton's initial decision. City of Boerne v. Flores, 521 U.S. 507 (1997). Following such affirmance, the parties negotiated an agreement to their dispute. However, having chosen the longer and more expensive path of judicial process, the resolution which could have been reached in 1994 was attained three years later at a reported cost of $265,000 and no doubt considerable divisiveness within the community.

In contrast, Margo Neff, et al. v. VIA Metropolitan Transit Authority and City of San Antonio, Civil Action No. SA-94-CA-691-FB, and San Antonio Hispanic Police Officers' Association v. City of San Antonio, 188 F.R.D. 433 (W.D. Tex. 1999), presented to the Court issues involving the Americans With Disabilities Act and the anti-discrimination provisions of Title VII respectively. In those cases, the parties chose the judicial process of resolving their matter sooner and less expensively before engaging in full blown litigation which would have taken several years and tens, if not hundreds, of thousands of dollars.

The parties here are approaching the fork in the road of deciding which judicial path they will take. Statistically, the road less traveled is the longer and more expensive, as most folks have more productive things to do than be tied up in court and better ways to spend limited funds.

The adults on both sides not only have a responsibility to teach, but also are stewards of financial resources best used for education of children, as opposed to litigation among adults. And, of course, examples set by adults tend to be followed by children.

To the extent the parties have chosen litigation thus far, both sides can claim prevailing points:

1. Counsel for plaintiffs asked the Court to prohibit student speakers from making the Sign of the Cross. The Court ruled against the plaintiffs based on a speaker's First Amendment right to express personal beliefs whether by words or physical expression. Plaintiffs did not appeal that ruling.

2. Defendant had planned to use public tax dollars to print the words "Invocation" and "Benediction" in a school district (i.e., government) document. The Court found this to be a violation of the constitutional concept of a governmental entity not establishing or favoring religion. (The Establishment Clause). Defendant did not ask the Fifth Circuit Court of Appeals to undo that ruling.

What remains, perhaps among other issues, is whether a speaker at a taxpayer funded event can ask others to join in expressing the speaker's same religious beliefs even though others may not so believe.

Having resolved two major issues, the parties may see an opportunity to conclude the matter, not only sooner and less expensively, but as a teachable moment and example for the district's children of how people of opposing views can listen to one another and resolve disagreements peaceably.

To achieve the path of less time and expense will require both sides to make a good faith effort to enter into a spirit of compromise with the assistance of counsel. The Court is advised that a long time member of the Bar of this Court and who is an Elder of a conservative Christian denomination, and who has now entered a second career with a Master of Divinity degree, has volunteered to be of assistance if the parties wish to try to be reconciled to each other and put the interests of education of students first.

While plaintiffs appear to be non-religious and some on the defense side appear quite religious, both sides in making their decision may want to consider teachings which have stood the test of time, but are not always lived by:

| | |
|---|---|
| Isaiah: | Come let us reason together. (*Isaiah* 1:18). |
| Moses conveying God's message: | The sins of the father shall be visited upon the children. (*Exodus* 20:5). |
| Jesus: | Love your neighbor as yourself. (*Matthew* 22:29). |
| St. Paul: | All things work together for good. (*Romans* 8:28). |

Accordingly, each party shall file with the Clerk of Court on or before 5 p.m. on July 21, 2011, a statement of which judicial process road that particular party chooses: to attempt sooner and less expensive resolution or proceed immediately to longer and more expensive litigation.

It is so ORDERED.

Signed this __11__ day of July, 2011.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE