IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUL 1 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| Christa Schultz, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> Medina Valley Independent School District, <br><br> *Defendant*. | Civil Action No. SA-11-CA-0422-FB |

## Stipulated Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, through their counsel, have stipulated to the entry of a protective order ("Order"). This Order will govern all discovery and other case materials, including but not limited to documents, interrogatory responses, deposition or other testimony, and exhibits:

**A. Categories of Information**

1. The Order applies to all information—including but not limited to documents, interrogatory responses, deposition testimony, witness lists, exhibits, expert reports, privilege logs, or other case materials—produced or disclosed by one party ("Disclosing Party") to one or more other parties ("Receiving Party") or to the Court.

2. There are three categories of information: Highly Confidential, Confidential, and Public.

   a. *Highly Confidential*: Information may be designated Highly Confidential as is reasonably necessary to (1) comply with any applicable state or federal privacy laws, including but not limited to the Family Educational Rights and Privacy Act, 20 U.S.C. §

1232g; (2) protect the privacy rights and interests of a minor or minors, to the extent that such rights or interests would be undermined if the information were disclosed to another party or parties or to the public; or (3) prevent the identification of parties, witnesses, or other individuals who would face the risk of harassment or retaliation if their identities were disclosed to another party or parties or to the public.

    b. *Confidential*: Information may be designated Confidential as is reasonably necessary to (1) protect the privacy rights and interests of a minor or minors, to the extent such rights or interests would be undermined if the information were disclosed to the public; or (2) prevent the public identification of parties, witnesses, or other individuals who would face the risk of harassment or retaliation if their identities were disclosed to the public.

    c. *Public*: Information that is not designated either Highly Confidential or Confidential is automatically Public.

**B. Restrictions on Dissemination of Information Designated "Highly Confidential" or "Confidential."**

    1. *Use solely for this case.* Information designated Confidential or Highly Confidential will be used solely for the litigation of this case.

    2. *Disclosure of Highly Confidential information.* Information designated as Highly Confidential by the Disclosing Party will be produced to outside counsel of record for the Receiving Party. Counsel of record for the Receiving Party may disclose information designated Highly Confidential to only the following persons, who must comply with the Order's requirements for treatment of Highly Confidential Information:

    a. The Court and its officers.

    b. Any lawyers, legal or administrative assistants, expert witnesses, vendors, or other persons employed or retained by outside counsel of record for the Receiving Party, to the

extent necessary to allow outside counsel of record to represent the Receiving Party fully and fairly.

    c. Any court reporters in this case.

3. *Advice to clients.* An attorney for a Receiving Party may, in the course of advising his or her client(s), convey his or her general assessment of the Highly Confidential information produced by the Disclosing Party, but may not disclose the specific contents of any such Highly Confidential information—including but not limited to any information that would tend to identify any individual whose identity is Highly Confidential.

4. *Disclosure of Confidential information.* Information designated as Confidential by the Disclosing Party will be produced to outside counsel of record for the Receiving Party. Counsel of record for the Receiving Party may disclose Confidential Information to only the following persons, who must comply with the Order's requirements for treatment of Highly Confidential Information:

    a. The Court and its officers.

    b. Any lawyers, legal or administrative assistants, expert witnesses, vendors, or other persons employed or retained by such outside counsel of record for the Receiving Party, to the extent necessary to allow outside counsel of record represent the Receiving Party fully and fairly.

    c. Any in-house counsel for the Receiving Party, along with any lawyers, legal or administrative assistants, vendors, or other persons employed or retained by such in-house counsel, to the extent necessary to allow in-house counsel to represent the Receiving Party fully and fairly.

    d. Any party to this case, or a designated agent thereof.

  e. Any court reporters in this case.

 5. *Supervision.* Counsel of record for the Receiving Party must take reasonable steps to ensure that anyone with whom he or she shares Highly Confidential or Confidential information complies with this Order.

 6. *Disclosure upon order of the Court.* A Receiving Party may disclose Highly Confidential or Confidential information pursuant to an order of the Court, following notice to all affected parties.

 7. *Use for cross-examination.* Any counsel of record may use Confidential or Highly Confidential documents to depose, examine, or cross-examine any witness who the document indicates is an author, source, or recipient of such Confidential or Highly Confidential information—regardless of which party disclosed such information.

**C. Procedures for Designation of Information as "Highly Confidential" or "Confidential"**

 1. *Documents.* A Disclosing Party may designate a document as Confidential or Highly Confidential by marking each page of the document as "Confidential" or "Highly Confidential."

 2. *Responses to interrogatories, requests for admissions, and other written discovery responses or information.* A Disclosing Party may designate a response to an interrogatory, request for admission, or other written discovery response or information as Confidential or Highly Confidential by marking the response or information "Confidential" or "Highly Confidential."

 3. *Deposition testimony.*

  a. Information disclosed at a deposition ("Deposition Information") is presumed to be Highly Confidential until after 10 days have elapsed from the date on which the court reporter has distributed the transcript of that deposition to at least one party.

  b. A party may designate Deposition Information as either Highly Confidential or Confidential by notifying all other parties and the court reporter, in writing, of the specific pages and lines of the transcript that should be designated as Confidential or Highly Confidential.

  c. Outside counsel of record will attach a copy of such written notice or notices—or, alternatively, attach a complete, written list of the pages and lines that have been designated Highly Confidential or Confidential—to the face of the transcript, and to (1) each copy in his or her possession, custody, or control, and (2) each copy distributed to another person pursuant to ¶¶ B.2 and B.4.

**D. Deposition Scheduling.** For the deposition of any person whose identity is Confidential or Highly Confidential, the following protections shall apply:

1. If the identity of the deponent is Highly Confidential:

  a. The location of the deposition is also Highly Confidential.

  b. Only the following individuals may attend: the deponent, outside counsel for the parties, counsel for the deponent, and the court reporter and videographer for the deposition.

2. If the identity of the deponent is Confidential:

  a. The location of the deposition is also Confidential.

  b. Only the following individuals may attend: the deponent, counsel for the parties, counsel for the deponent, and the court reporter and videographer for the deposition.

**E. Changes or Objections to Designations.**

1. Documents produced without designation as Confidential or Highly Confidential may be retroactively designated by written notice to the Receiving Party within 30 days of the

production, and will be treated as Confidential or Highly Confidential from the date that written notice of the designation is provided to the Receiving Party.

2. A Receiving Party is not required to challenge the propriety of Confidential or Highly Confidential designation at the time that the designation is made by the Disclosing Party, and a Receiving Party's failure to do so does not preclude a later challenge to the designation.

3. If a Receiving Party believes that a document has been improperly designated as Highly Confidential or Confidential by the Disclosing Party, the Receiving Party may transmit a written objection to the Disclosing Party. The parties must then attempt to resolve the dispute informally and in good faith.

4. If the dispute is not resolved informally, the Receiving Party must file a motion with the Court, seeking an order modifying the designation of the information at issue, within 14 days of the transmittal of the written objection to the Disclosing Party. If the Receiving Party fails to move within the allotted time, the Receiving Party waives any objection to the designation.

**F. Court Filings.**

1. Subject to the procedures set forth in this section, counsel of record may use Confidential or Highly Confidential information in any pleading, affidavit, brief, motion, memorandum, or other paper filed in this case.

2. No document designated as Confidential or Highly Confidential may be publicly filed.

3. Any filing with the Court that contains or that would tend to disclose Confidential or Highly Confidential information must be filed in a sealed envelope marked with the caption of this action and bearing the phrase, **"Document Filed Under Seal Pursuant to Court Order."**

4. If a filing with the Court contains both Public information and information that is either Confidential or Highly Confidential, the party may publicly file a version in which the

Confidential or Highly Confidential information is redacted, and must file a version under seal that contains the Confidential or Highly Confidential information.

5. The Clerk will maintain under seal all documents filed under seal which contain, in whole or in part, Confidential or Highly Confidential information.

**G. Court Hearings**

1. If Confidential or Highly Confidential information is disclosed during a hearing, the Disclosing Party may identify it as Confidential or Highly Confidential in either of the following ways:

    a. By instructing the court reporter during the hearing to treat specified testimony or information as Confidential or Highly Confidential; or

    b. By notifying all parties, the court reporter, and the Court, within 10 days of receiving the transcript, of the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential.

2. Outside counsel of record will attach a copy of any such written notice or notices—or, alternatively, attach a complete, written list of the pages and lines that have been designated Highly Confidential or Confidential—to the face of the transcript and to (1) each copy in his or her possession, custody, or control, and (2) each copy distributed to another person pursuant to ¶¶ B.2 and B.4.

3. Confidential or Highly Confidential information may not be disclosed in open court, and may be disclosed only (a) in chambers, where only persons qualified to receive the information under ¶¶ B.2 and/or B.4 are present; or (b) at a hearing open only to persons qualified to receive the information under ¶¶ B.2 and/or B.4.

4. The Clerk will either (a) maintain under seal all transcripts which contain, in whole or in part, Confidential or Highly Confidential information, or (b) redact any portions of the transcripts which contain Confidential or Highly Confidential information before disclosing them to the public.

**H. Destruction of Information Following Litigation.**

1. No later than 120 days after the conclusion of this case, including any appeals, the Receiving Party must return, to the Disclosing Party, or destroy any Confidential or Highly Confidential information in the Receiving Party's possession—except as otherwise ordered by the Court or to the extent that such information was used as evidence at trial.

2. The restrictions imposed by this Order on the use, dissemination, or communication of Confidential or Highly Confidential information continue to apply after the conclusion of the litigation, with the following exceptions: (a) there will be no restrictions on the use, dissemination, or communications of documents used as exhibits at trial unless such exhibits were filed under seal, and (b) a Receiving Party may seek the written permission of a Disclosing Party or Court order with respect to the dissolution or modification of the Order.

**I. Modification of this Order.** The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

```
It is so ORDERED.
SIGNED this   12   day of July, 2011.
```

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE