IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTA SCHULTZ and DANNY SCHULTZ, both Individually and as Parents and Guardians of Minor Child C.S.,; TREVOR SCHULTZ, Individually, and PAT DOE, Individually, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. SA-11-CA-422-FB |
| MEDINA VALLEY INDEPENDENT SCHOOL DISTRICT, | ) ) ) | |
| Defendant. | ) ) | |

FILED
NOV 28 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## OBSERVATIONS ON APPROACHING JURY TRIAL

As this case moves towards a jury trial setting, the Court reflects on what has transpired thus far and the collateral consequences of continued litigation and appeals.

Defendant government entity has conceded that use of religious terms "invocation" and "benediction" in documents paid for by taxpayers of different faiths and beliefs is inconsistent with separation of church and state and, presumably, would agree not to do so in the future. Defendant government entity has said, in an on the record conference call of November 7, 2011, that the passing out of religious literature by its taxpayer funded government agent High School Resource Officer is "inappropriate" and that such activity was stopped.

Plaintiffs have been told by the Court that student speakers on government funded platforms, such as graduation, are free, under the First Amendment to the United States Constitution, to express their own personal religious or non-religious beliefs, whether by the spoken word or physical gestures. The Court has also indicated its opinion that school employees, in their own personal office space, as opposed to public spaces on campus, are free to have their religious icons on display or on their person, as an expression of their own personal belief. Indeed, this occurs in this federal courthouse.

As the Court has pointed out before, the religious case of <u>City of Boerne v. Flores,</u> 521 U.S. 507 (1997), went on for years with a cost in the hundreds of thousands of dollars and accomplished nothing more than a community torn asunder. The parties finally reached agreement which they could have done years earlier with far less expense and consternation.

The field of antitrust litigation is instructive. Those cases are frequently resolved with a consent decree in which the defendant does not agree that it has violated the antitrust laws, but agrees to change its practices or refrain from past practices which could arguably be violative of the law. This would appear to be a reasonable method for resolution of this case and the preclusion of future expense and community divisiveness.

Nevertheless, if the parties choose to spend more money and take more time away from educating students, the Court will proceed with logistical jury trial planning, though the Court believes both sides will rue such choice.

Jesus of Nazareth and St. Paul express the same lesson this way:

You shall reap what you shall sow[1] and

They know not what they do.[2]

SIGNED this 28 day of November, 2011.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Galations* 6:7.

[2] *Luke* 23:24.