IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
FEB - 2 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| CHRISTA SCHULTZ and DANNY SCHULTZ, both Individually and as Parents and Guardians of Minor Child C.S., a Minor (CORWYN SCHULTZ, now an Adult and Formerly a Student in the Medina Valley Independent School District); and TREVOR SCHULTZ, Individually,<br><br>Plaintiffs,<br><br>V.<br><br>MEDINA VALLEY INDEPENDENT SCHOOL DISTRICT,<br><br>Defendant. | CIVIL ACTION NO. SA-11-CA-422-FB |

## COURT ADVISORY CONCERNING CONFERENCE CALL OF FEBRUARY 1, 2011

During the course of mediating this case, the Court received a call from counsel, the mediator and parties seeking guidance on two issues.

Given the proposed written and verbal disclaimer of the government school district's approval of remarks, the Court hereby reaffirms what it said regarding:

    a)    a student speaker's right to ask the private citizen audience to stand during the student's verbal expression, and

    b)    the government officials on stage to refrain from standing as a sign of governmental support of the student's expression.

The Court having had time to contemplate the issues finds it appropriate and hopefully helpful to the parties to state the Court's reasoning:

Because of the governmental disclaimer, the student speaker's right under First Amendment concepts of free speech would allow for requests for private citizen audience participation in which private citizens might or might not join. For example, if a Muslim student were to be valedictorian, she or he could express a particular view verbally and physically within the Muslin tradition and the audience might or might not join in facing Mecca if requested.

On the other hand, those government officials on stage are, in that setting, not private citizens and represent the diverse religious and non-religious community as a whole. While the government official might agree with the student speaker, in the role of government official within First Amendment concepts of government not endorsing or promoting a particular religious belief, the government official should refrain from facing Mecca and expressing agreement while wearing the government hat.

By analogy, the Court has written several opinions in which it is clear I personally disagree with what the law requires but nevertheless obey my oath to follow the law in my role as an officer of the Court. See e.g., Aquifer Guardians in Urban Areas v. Federal Highway Admin., 779 F. Supp. 2d 542 (W.D. Tex. 2011); Center for Biological Diversity v. United States Fish & Wildlife Serv., 202 F. Supp. 2d 594 (W.D. Tex. 2002);

2

Dutmer v. City of San Antonio, 937 F. Supp. 587 (W.D. Tex. 1996).  Similarly, we require our Marines, soldiers, sailors and airmen to obey lawful orders, whether they agree with them or not.  For either of the above concepts not to be observed would lead to civilian or military societal breakdown.

SIGNED this 2nd day of February, 2012.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE